ARTHUR W. STICKLE v. E. EUGENE HASKINS ET AL.

*Dismissal of appeal—Settlement of case—Costs.*

1. Dismissal of an appeal on the ground that appellees had had no notice of the settlement of the case, was *denied* where it appeared that it was settled in good faith, and that they knew of the proceedings and might have appeared.

2. Where a case was imperfectly settled in consequence of the willful or negligent absence of the appellees, it was remanded for settlement

subject to a charge against the appellees on final decree of all costs resulting from their neglect to raise objection until after the case as settled had been printed.

Motion to remand.   Submitted June 10.   Granted June 11.

*Fletcher & Wanty* for the motion.

*C. P. Black* against.

PER CURIAM.   In this case the testimony was taken in open court, and the judge has signed what purports to be a case setting forth the evidence.   The appellees did not appear on the settlement of the case, and assign for reason that no notice of the time of settlement was given them.   When return was made they moved in this case to dismiss on the ground that there was no case settled and signed by the circuit judge; but, as we were satisfied there had been an attempt to settle a case in good faith, and that appellees knew the fact at the time and might have appeared on the settlement, we denied the motion.   They then moved to remand the record for the settlement of a proper case.   As we are satisfied, from an inspection of the case the judge has signed, and which appellant has printed, that it would not enable us to review the case on all the evidence as the statute contemplates, we think this motion must be granted.   At the same time, as we think the appellees are in fault in not appearing on the settlement before, and in leaving the appellant to go on and print the case as then settled, the order to remand will be subject to the understanding that on the final award of costs, whatever may be the result of the suit on the merits, the appellees will be charged with such costs as are made necessary by their neglect to move to have a proper case settled until after the appellant had been to the expense of printing the imperfect case.